1   TIFFANY CHEUNG (CA SBN 211497)
    TCheung@mofo.com
2   SABRINA LARSON (CA SBN 291661)
    SLarson@mofo.com
3   CLAIRE BONELLI (CA SBN 317735)
    CBonelli@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone:     (415) 268-7000
6   Facsimile:     (415) 268-7522

7   Attorneys for Defendant
    APPLE INC.

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12

13  CHRISTIAN SPONCHIADO and          Case No.   4:18-cv-07533-HSG
    COURTNEY DAVIS, on behalf of
14  themselves and all others similarly situated,   **DEFENDANT APPLE INC.'S**
                                       **NOTICE OF MOTION AND**
15                Plaintiffs,          **MOTION TO DISMISS;**
                                       **MEMORANDUM OF POINTS AND**
16        v.                           **AUTHORITIES IN SUPPORT**
                                       **THEREOF**
17  APPLE INC.,
                                       Date:     June 20, 2019
18                Defendant.           Time:     2:00 p.m.
                                       Judge:    Hon. Haywood Gilliam, Jr.
19                                     Ctrm:     2

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 20, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California, before the Honorable Haywood S. Gilliam, Jr.,  Defendant Apple Inc. ("Apple") will and hereby does move to dismiss plaintiffs Christian Sponchiado and Courtney Davis's (collectively, "Plaintiffs") claims for violations of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), Unfair Competition Law (Business and Professions Code § 17200, *et seq.*), and False Advertising Law (Business and Professions Code § 17500, *et seq.*), violations of the New York Deceptive Acts and Practices Act (N.Y. Gen. Bus. Law §§ 349-350, *et seq.*), and unjust enrichment.

This motion is made pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), on the grounds that Plaintiffs fail to state claims for which relief can be granted and fail to plead their fraud-based claims with the requisite particularity.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Request for Judicial Notice in Support of the Motion to Dismiss filed concurrently herewith, the Declaration of Tiffany Cheung in Support of the Motion to Dismiss filed concurrently herewith, all other pleadings and papers on file herewith, and such other argument and evidence as may be presented to the Court.

Dated: March 22, 2019                         MORRISON & FOERSTER LLP


By:   */s/ Tiffany Cheung*
        TIFFANY CHEUNG

        Attorneys for Defendant
        APPLE INC.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS .................................................................. i

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF ISSUES TO BE DECIDED ........................................................... 1

III.    RELEVANT BACKGROUND ................................................................................... 2

IV.     LEGAL STANDARD .................................................................................................. 4

V.      ARGUMENT ............................................................................................................... 5

        A.      A Non-California Plaintiff Cannot Pursue Claims Under California Law. ........... 5

        B.      Plaintiffs Cannot Pursue State Law Claims For States in Which No Named
                Plaintiff Resides. ................................................................................................. 6

        C.      Plaintiffs Fail to Allege Facts Sufficient to Support Any of Their Fraud-
                Based Claims. ...................................................................................................... 6

                1.      Plaintiffs Fail to Satisfy Rule 9(b)'s Particularity Requirements ............. 6

                2.      Plaintiffs Fail to Plausibly Allege Either Deception or Reliance ............. 9

                3.      Plaintiffs' "False Pixel" Allegations Fail to State Either An Express
                        Misrepresentation or an Omissions Claims. ........................................... 11

        D.      Plaintiffs' Claim for Unjust Enrichment Fails. .................................................. 14

        E.      Plaintiffs' New York General Business Law Claims Fails. ............................... 14

        F.      Plaintiffs Lack Standing to Seek Injunctive Relief. .......................................... 15

VI.     CONCLUSION .......................................................................................................... 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Abraham v. Am. Home Mortg. Servicing, Inc.*,
5
    947 F. Supp. 2d 222 (E.D.N.Y. 2013) .....................................................................................15

6
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................................................4
7

*Astiana v. Hain Celestial Grp., Inc.*,
8
    783 F.3d 753 (9th Cir. 2015)........................................................................................................14

9
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................................................4
10

11
*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011).................................................................................................6, 9

12
*Clemens v. DaimlerChrysler Corp.*,
13
    534 F.3d 1017 (9th Cir. 2008).......................................................................................................4

14
*Cover v. Windsor Surry Co.*,
    No. 14-cv-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016) .....................................6
15

16
*Dash v. Seagate Tech. (U.S.) Holdings, Inc.*,
    27 F. Supp. 3d 357 (E.D.N.Y.2014)..........................................................................................15

17
*Davidson v. Kimberly-Clark Corp.*,
18
    889 F.3d 956 (9th Cir. 2018).......................................................................................................16

19
*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016).........................................................................................................9
20

21
*Fernandez v. Atkins Nutritionals, Inc.*,
    No. 3:17-cv-1628-GPC-WVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018) .............................16

22
*Gale v. IBM Corp.*,
23
    9 A.D. 3d 446 (2d Dep't 2004) ..................................................................................................15

24
*Goshen v. Mutual Life Ins. Co. of N.Y.*,
    98 N.Y.2d 314 (2002) ..................................................................................................................15
25

26
*Granfield v. NVIDIA Corp.*,
    No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)...........................................5

27
*Hall v. Sea World Entm't, Inc.*,
28
    No. 15-660, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ......................................................12

*Haskins v. Symantec Corp.*,
No. 13-cv-01834-JST, 2013 WL 6234610 (N.D. Cal. Dec. 2, 2013) .........................................8

*Herron v. Best Buy Co.*,
924 F. Supp. 2d 1161 (E.D. Cal. Feb. 13, 2013)....................................................................13

*Herskowitz v. Apple Inc.*,
940 F. Supp. 2d 1131 (N.D. Cal. 2013) ...............................................................................7

*Hodsdon v. Mars, Inc.*
891 F.3d 857 (9th Cir. 2018)..........................................................................................12, 13

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
802 F. Supp. 2d 1070 (N.D. Cal. 2012) ...............................................................................5

*In re iPhone 4s Consumer Litig.*,
637 F. App'x 414 (9th Cir. 2016) .......................................................................................12

*In re NJOY Consumer Class Action Litig.*,
No. CV 14-00428 MMM, 2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ...............................8

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) .....................................................................................................8

*Johnson v. Nissan N. Am., Inc.*,
272 F. Supp. 3d 1168 (N.D. Cal. 2017) ...............................................................................6

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)........................................................................................5, 7

*Lanovaz v. Twinings N. Am., Inc.*,
726 F. App'x 590 (9th Cir. 2018) ......................................................................................16

*Lavie v. Procter & Gamble Co.*,
105 Cal. App. 4th 496 (2003) ...........................................................................................9

*Marolda v. Symantec Corp.*,
672 F. Supp. 2d 992 (N.D. Cal. 2009) ...............................................................................10

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988)............................................................................................4

*Moore v. Apple, Inc.*,
73 F. Supp. 3d 1191 (N.D. Cal. 2014) ............................................................................4, 5

*Overton v. Bird Brain, Inc.*,
No. SACV 11-1054 DOC (ANx), 2012 WL 909295 (C.D. Cal. Mar. 15, 2012) ...................14

*Palmer v. Apple Inc.*,
No. 5:15-cv-05808-RMW, 2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) .....................5, 7, 9

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ....................................................................12

*Rasmussen v. Apple, Inc.*,
    27 F. Supp. 3d 1027 (N.D. Cal. 2014) ....................................................................12

*Rich v. Sunbeam Prods., Inc.*,
    No. CV 12-7923-CAS-(AJw)x, 2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ............14

*Richardson v. Reliance Nat'l Indemn. Co.*,
    No. C 99-2952 CRB, 2000 WL 284211 (N.D. Cal. Mar. 9, 2000)............................8

*Rubenstein v. The Gap, Inc.*,
    14 Cal. App. 5th 870 (2017) ....................................................................................12

*Sands v. Ticketmaster-New York, Inc.*,
    207 A.D.2d 687, 616 N.Y.S.2d 362 (1st Dep't 1994) ..............................................15

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir. 2009)..................................................................................14, 15

*T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
    No. 14-cv-05318-JSC, 2015 WL 3638555 (N.D. Cal. June 11, 2015) ......................7

*Tomek v. Apple*,
    No. 2:11-cv-02700-MCE-DAD, 2012 WL 2857035 (E.D. Cal. July 11, 2012)........10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)....................................................................................6

*Werbel ex rel. v. Pepsico, Inc.*,
    No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) ..........................9

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008)......................................................................................9

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012)..................................................................................12

*Wolph v. Acer Am. Corp.*,
    No. C 09-01314 JSW, 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009)..............13, 14

*Yastrab v. Apple Inc.*,
    173 F. Supp. 3d 972 (N.D. Cal. Mar. 25, 2016)........................................................8

*Zuckerman v. BMG Direct Mktg., Inc.*,
    290 A.D.2d 330, 737 N.Y.S.2d 14 (1st Dep't 2002) ................................................15

**Statutes**

Cal. Bus. & Prof. Code

§ 17200 *et seq*. ........................................................................................................4
§ 17500 *et seq*. ........................................................................................................4

Cal. Civ. Code § 1750 ........................................................................................................4

N.Y. Gen. Bus. Law
§ 349 ........................................................................................................2, 4, 14
§ 350 ........................................................................................................2, 4, 14

**Other Authorities**

Fed. R. Civ. P.
9(b) ........................................................................................................5
12(b)(6) ........................................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiffs Christian Sponchiado (a California resident) and Courtney Davis (a New York resident) purport to bring this nationwide class action on behalf of every iPhone X, XS, and XS Max purchaser, based on claims that Apple allegedly overstated the screen size and number of pixels on the displays of those devices.  All of Plaintiffs' claims fail because Plaintiffs' alleged understanding of the iPhone X models' screen size and number of pixels is directly contradicted by clear disclosures, public information, and what is apparent on the face of the devices (or iPhones).  Contrary to Plaintiffs' allegations, Apple expressly disclosed that the screen size was measured based on a "standard rectangular shape" and that "actual viewable area is less," which is due to the rounded corners design and notch at the top of the screen.  Further, the issues Plaintiffs allege were "misrepresented" — the display's rounded corners and notch — are apparent to anyone who looks at the phones.  It is equally apparent that the rounded corners and "notch" at the top of the otherwise all-screen phones do not include pixels.  Plaintiffs' other allegation regarding "missing pixels" is not based on any representation or omission by Apple, but rather on Plaintiffs' misunderstanding of how "sub-pixels," as to which Apple has made *no* representation, are configured in the OLED display.

Plaintiffs' allegations, all of which sound in fraud, do not come close to alleging facts sufficient to state a plausible claim for relief, let alone meet Rule 9(b)'s heightened standard for pleading fraud.  In addition, Plaintiffs may not allege claims based on the law of states where no plaintiff resides.  For these and other reasons set forth below, Plaintiffs' Complaint must be dismissed with prejudice in its entirety.

### II.     STATEMENT OF ISSUES TO BE DECIDED

1.      **Non-Resident Plaintiffs' Claims:** Whether non-resident plaintiffs may assert claims under California law.

2.      **Fraud-Based Claims:**  Whether Plaintiffs' claims, which all sound in alleged fraud, should be dismissed because Plaintiffs cannot state a claim or plead grounds for any misrepresentations or omissions.

3.      **Unjust Enrichment:**   Whether Plaintiffs' unjust enrichment claim should be dismissed because unjust enrichment is not a stand-alone cause of action.

4.      **N.Y. Gen. Bus. Law §§ 349-350:**  Whether Plaintiffs' claims under New York General Business Law §§ 349 and 350 should be dismissed because Plaintiffs cannot plead deception, injury, or causation.

5.      **Standing:**  Whether Plaintiffs lack standing to seek injunctive relief because they have not alleged they will purchase the product again.

## III.    RELEVANT BACKGROUND

Plaintiffs purport to represent a nationwide class of consumers who purchased Apple's iPhone X, iPhone XS, and iPhone XS Max.  (Class Action Complaint ("Compl.") ¶¶ 1, 73, ECF No. 1.)  The iPhone X, launched in 2017, has been widely praised for the quality of its display, with some reviews calling it "the best display ever."[1]  It was the first iPhone display to use revolutionary OLED technology, and it was also the first iPhone that was "all-screen" because it had virtually no bezel.  The iPhone XS and XS Max, released in 2018, include the same acclaimed OLED technology and display.

Plaintiffs, however, allege that Apple misrepresents the screen size of the phones by concealing the rounded corners and "cut-out notch" at the top of the phone screen, and fails to disclose the "missing pixels" that the notch and rounded corners would contain.  (*Id.* ¶¶ 3, 9-10.)  Plaintiffs allege that because of the notch and rounded corners, the iPhone screen is not 5.8 inches diagonally as Apple represents (which Plaintiffs describe as "5 and 13/16 inches") but rather is "5 and 11/16 inches."  (*Id.* ¶ 12.)  In fact, however, Apple discloses in numerous places that due to the rounded corners and the notch, the actual viewable screen size is smaller.  Apple's marketing materials and its website, including in the description of the iPhone X, XS and XS Max display

---

[1] *See* http://www.displaymate.com/iPhoneX_ShootOut_1a.htm (last visited March 22, 2019); https://www.techgenyz.com/2017/11/08/iphone-x-display-ever-used-smartphone/ (last visited March 22, 2019); https://mashable.com/2017/11/07/iphone-x-best-display-displaymate/#1UleNz2FDuqh (last visited March 22, 2019); https://www.cultofmac.com/512485/iphone-x-boasts-best-smartphone-display-ever/ (last visited March 22, 2019).

on its website, state that:

> The iPhone X display has rounded corners that follow a beautiful
> curved design, and these corners are within a standard rectangle.
> When measured as a standard rectangular shape, the screen is 5.85
> inches diagonally (***actual viewable image is less***).

(emphasis added).[2]  Remarkably, Plaintiffs include a description of the iPhone X display from

Apple's specifications ***with this disclosure*** elsewhere in their Complaint, but entirely ignore it in

asserting their claims. (Compl. ¶ 38.)  Apple includes the same disclosure for the iPhone XS and

XS Max (with different dimensions as appropriate).[3]  Even more basically, both the rounded

corners and the "notch," which obviously do not contain pixels, are evident to anyone who looks

at the phones.

Plaintiffs also allege that Apple advertises its iPhone X screen as having a 2436 x 1125

pixel resolution.  (Compl. ¶¶ 7, 38.)  Plaintiffs do not dispute that the phones contain the

represented pixels when counted based on the applicable "diamond" configuration.  Instead, they

multiply the number of pixels present in the screen by the number of purported subpixels and

claim that the resulting total number is too few subpixels and a diminished screen quality.  (*See

Id.* ¶¶ 7, 54, 56.)  Apple, however, does not make any representations regarding the number of

subpixels in the phones' screens.  Plaintiffs' alleged omission theory is based on the unlikely

premise that the average, reasonable consumer has an expectation as to the number of subpixels

in a display and that any such expectation could reasonably remain constant when a revolutionary

technology is introduced.  Indeed, Plaintiffs' creative subpixel calculations ignore the unique

configuration of subpixels in the new iPhone X OLED displays.

Plaintiff Sponchiado, a resident of California, claims he purchased a 256 GB iPhone X at

an AT&T store in San Francisco.  (*Id.* ¶ 29.)  He alleges that he relied on the "[p]roduct

specifications as conveyed in [Apple's] representations and in the product specifications sheet" in

deciding to make his purchase.  (*Id.*)  Plaintiff Davis is a resident of New York.  She claims that

---

[2] Declaration of Tiffany Cheung in Support of Motion to Dismiss ("Cheung Decl.") Ex. A.

[3] Cheung Decl. Exs. B-C.

in deciding between an iPhone XS and iPhone XS Max, she saw advertisements regarding the iPhone XS Max and chose to purchase that phone because of its "larger, better screen" as conveyed in-person by a representative at an Apple store, online, in the product specifications sheet and in advertisements.  (*Id.* ¶ 30.)  As noted, Apple's online materials and product specifications had an express disclosure regarding how screen size was measured, including that "actual viewable image is less."

Plaintiffs assert four causes of action based on purported violations of:  (1) the Consumers Legal Remedy Act, Cal. Civ. Code § 1750 ("CLRA"); (2) the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (3) the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); (4) N.Y. Gen. Bus. Law § 349 ("GBL"); (5) GBL § 350; and (6) unjust enrichment.  (*Id.* ¶¶ 90-151.)  Plaintiffs seek restitution and injunctive relief, among other things. (*Id.*, Prayer for Relief.)

## IV.   LEGAL STANDARD

A complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff either fails to state a cognizable legal theory or has not alleged facts sufficient to establish a claim for relief that is "plausible on its face."  *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). While the Court must accept well-pled facts as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Thus, the Court must not assume the truth of legal conclusions merely because they are pled in the form of factual allegations, nor should it accept as true allegations contradicted by judicially noticeable facts.  *Iqbal*, 556 U.S. at 677-79; *Twombly*, 550 U.S. at 555 ("plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Claims grounded in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1198 (N.D. Cal. 2014).

1    Rule 9(b) requires that a fraud-based claim "state with particularity the circumstances constituting

2    fraud." Fed. R. Civ. P. 9(b).  To satisfy this heightened standard, the plaintiff must allege the

3    time, place, and specific content of any false representations as well as the identities of the parties

4    to the alleged misrepresentations.  *Moore*, 73 F. Supp. 3d at 1198.  The plaintiff must also set

5    forth "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted);

6    *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("A party alleging fraud

7    must 'set forth *more* than the neutral facts necessary to identify the transaction.'") (citation

8    omitted).  Rule 9(b) further requires that the plaintiffs identify the particular advertisements they

9    claim were misleading.  *Palmer v. Apple Inc.*, No. 5:15-cv-05808-RMW, 2016 WL 1535087, at

10   *5 (N.D. Cal. Apr. 15, 2016) (allegations of fraud were insufficient to satisfy Rule 9(b) where

11   plaintiff had not alleged "which specific advertisements or statements he personally saw or when

12   they were made").

13        **V.    ARGUMENT**

14             **A.    A Non-California Plaintiff Cannot Pursue Claims Under California
                       Law.**

15

16        As a threshold matter, Ms. Davis's claims under California law should be dismissed

17   because as a New York resident, she has no basis for applying California law to her claims.

18   Ms. Davis admits that she is not a resident of California and did not purchase her iPhone in

19   California; she is a resident of New York and purchased her phone there.  (Compl. ¶ 30.)

20   Particularly given that Ms. Davis also asserts claims under the laws of New York, her state of

21   residence, she cannot apply California law to her claims.  *See In re Apple & AT&T iPad*

22   *Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1076 (N.D. Cal. 2012) (dismissing CLRA and

23   UCL claims by non-California residents who purchased their iPad and data plans outside of

24   California); *Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *2-3 (N.D.

25   Cal. July 11, 2012) (dismissing out-of-state plaintiffs' UCL and CLRA claims where plaintiff

26   purchased her computer in Massachusetts).

27

28

**B.    Plaintiffs Cannot Pursue State Law Claims For States in Which No Named Plaintiff Resides.**

Plaintiffs' effort to allege state law claims and state law subclasses for states in which no named plaintiff resides must be rejected and those claims dismissed.  (*See* Compl. ¶ 21.)  Courts in this district uniformly hold  that where, as here, a representative plaintiff is lacking for a particular state, all claims based on that state's laws must be dismissed because no named plaintiff has standing to assert them. *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017) (dismissing claims under Rule 12(b)(1) for lack of standing because plaintiffs failed to "present named class representatives who possesses individual standing to assert [] claims"); *Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016) (finding named plaintiff could not assert state law claims under laws of states he did not represent).

**C.    Plaintiffs Fail to Allege Facts Sufficient to Support Any of Their Fraud-Based Claims.**

Plaintiffs' UCL, FAL, and CLRA claims should be dismissed for at least three reasons.  First, Plaintiffs' claims fail to meet the heightened pleading requirement of Rule 9(b).  Second, Apple's screen-size disclosure and the phone itself—both of which Plaintiffs admit to seeing— preclude any assertion of deception and reliance.  Third, Plaintiffs fail to plead a viable omission-based claim regarding the purported "false pixels."

**1.    Plaintiffs Fail to Satisfy Rule 9(b)'s Particularity Requirements.**

Plaintiffs' claims under the consumer protection laws of California (CLRA, FAL, UCL) and New York (GBL) are all based on the same core allegations:  Apple allegedly deceived consumers with its representations regarding the pixel count and screen size of certain iPhone X models.  Because these claims allege fraud, they must meet Rule 9(b)'s heightened pleading standard which requires plaintiffs to provide the "who, what, when, where, and how" of any misrepresentations underlying their claims.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation omitted).  Critically, under Rule 9(b), a "plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy*

1  *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  Conclusory allegations of

2  fraud are not enough—plaintiffs must plead detailed and specific facts.  *Kearns*, 567 F.3d at 1124.

3  Plaintiffs fall short of Rule 9(b)'s heightened standard because they fail to plead any

4  misrepresentation by Apple with the requisite specificity.

5        Here, both Plaintiffs assert that they relied on Apple's alleged misrepresentations about

6  the iPhone screen size and quality in its "marketing campaign." (*See* Compl. ¶¶ 7, 22.)  But

7  Plaintiffs never specify, as Rule 9(b) requires, which particular marketing materials they relied

8  upon in making the decision to purchase their phones, including when they were exposed to them,

9  which ones they found material, who made the statements, or when they were made.  *Kearns*, 567

10  F.3d at 1126; *Palmer*, 2016 WL 1535087, at *5 (plaintiff must allege "which specific

11  advertisements or statements he personally saw or when they were made"); *T&M Solar & Air*

12  *Conditioning, Inc. v. Lennox Int'l Inc.*, No. 14-cv-05318-JSC, 2015 WL 3638555, at *2 (N.D.

13  Cal. June 11, 2015) (Under Rule 9(b), a plaintiff must "set forth what is false or misleading about

14  a statement, and why it is false." (citation omitted)); *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d

15  1131, 1147 (N.D. Cal. 2013) ("At the very least, to satisfy Rule 9(b)'s heightened pleading

16  requirement, [plaintiff] must allege with more particularity why these statements are false.").

17        Plaintiffs' vague allegations regarding "in-store comparison representations" are similarly

18  defective.  (Compl. ¶¶ 8, 29-30.)  Plaintiffs offer no details about who made these purported

19  representations, what representations they saw or heard, when these in-store visits occurred, or

20  how they relied on the representations made.  Plaintiffs' allegations regarding the images on

21  Apple's website fare no better.  Although Plaintiffs allege that in some images on Apple's

22  website, the notch at the top of the phone is obscured by the black background on the iPhone's

23  screen, they do not specifically allege that they saw these particular images, when they saw them,

24  or how they relied on them in making their purchase.  (*Id.* ¶ 18.)  Even leaving aside the fact that

25  Plaintiffs and anyone else who bought an iPhone X, XS, or XS Max almost certainly saw the

26  phone itself, notch and all, prior to purchase, Plaintiffs do not dispute that numerous other images

27  of the iPhone X models on the website, *including those Plaintiffs include in their Complaint*,

28  clearly show the notch.  (*Id.* ¶¶ 8, 14, 60.)  Because Plaintiffs fail to allege that they actually

viewed or relied on any particular representation beyond their rote repetition of the same conclusory allegations, and because their allegations of deception are implausible, their claims must be dismissed.  *See Richardson v. Reliance Nat'l Indemn. Co.*, No. C 99-2952 CRB, 2000 WL 284211, at *4 (N.D. Cal. Mar. 9, 2000) ("Plaintiff may not simply set forth conclusory allegations of fraud punctuated by a handful of neutral facts." (quotations and citation omitted)).[4]

Plaintiffs apparently seek to excuse their failure to identify the particular marketing materials they saw and relied on by asserting that Apple engaged in a "continuous marketing program." (Compl. ¶¶ 29, 30.)  Plaintiffs' attempt to invoke the narrow exception recognized in *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009), is meritless.  Apple's alleged representations do not come close to the decades-long mass advertising campaign embarked upon by cigarette manufacturers in *Tobacco II*.  Courts since *Tobacco II* have squarely rejected its application to marketing campaigns of far longer duration than the year or two the iPhones at issue here have been sold.  *See, e.g.*, *Haskins v. Symantec Corp.*, No. 13-cv-01834-JST, 2013 WL 6234610, at *5 (N.D. Cal. Dec. 2, 2013) (six-year advertising campaign did not implicate *Tobacco II*).  "[E]ven when members of a putative class are exposed to a long term and/or widespread advertising campaign, named plaintiffs must, under Rule 9(b), plead separately and with particularity their individual exposure to the purportedly deceptive advertising campaign so as to put defendant on notice of 'what' the alleged misrepresentations were."  *In re NJOY Consumer Class Action Litig.*, No. CV 14-00428 MMM (RZx), 2014 WL 12586074, at *10 (C.D. Cal. Oct. 20, 2014) (collecting cases).  And any such campaign "does not, and indeed could not, supplant a federal plaintiff's obligation to describe that campaign with the particularity prescribed by Rule 9(b), which must include what is false or misleading about the advertising and why it is false."  *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 980 (N.D. Cal. Mar. 25, 2016).

---

[4] To the extent Plaintiffs claim that the statement "all screen" misled consumers because it failed to account for the "missing pixels" in the notch at the top of the screen, those claims fail too.  (Compl. ¶¶ 14-16.)  First and most simply, the notch at the top of the phone was evident to anyone who saw any of the iPhone X models prior to purchase, as Plaintiffs admit they did.  Moreover, Plaintiffs never allege that they saw this purportedly false representation.  Their conclusory allegation that they "relied on Defendant's representations that . . . were describing an area that was all screen" do not suffice.  (*Id.* ¶ 15.)

1    Accordingly, Plaintiffs' allegations are insufficient to state a claim under Rule 9(b)'s

2    heightened pleading standard.  *Cafasso*, 637 F.3d 1047, 1055 (9th Cir. 2011) (requiring plaintiffs

3    to provide the "who what, when, where, and how" for fraud-based claims); *Palmer*, 2016 WL

4    1535087, at *5 (allegations of fraud were insufficient to satisfy Rule 9(b) where plaintiff had not

5    alleged "which specific advertisements or statements he personally saw or when they were made).

6            **2.      Plaintiffs Fail to Plausibly Allege Either Deception or Reliance.**

7    Plaintiffs do not and cannot allege either that Apple's representations were deceptive, nor

8    that any consumer could reasonably have relied on the allegedly deceptive statements. Under the

9    CLRA, UCLA and FAL, statements are actionable only if they are likely to deceive a reasonable

10   consumer.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (California

11   consumer protection statutes, including the UCL, FAL, and CLRA, are governed by the

12   "reasonable consumer" test).  "Likely to deceive" implies "more than a mere possibility" that a

13   statement "'might conceivably be misunderstood by some few consumers viewing it in an

14   unreasonable manner.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v.*

15   *Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)).  Rather, the statement must be "such

16   that it is probable that a significant portion of the general consuming public or of targeted

17   consumers, acting reasonably in the circumstances, could be misled."  *Lavie*, 105 Cal. App. 4th at

18   508.  "Thus, where a court can conclude as a matter of law that members of the public

19   are not likely to be deceived […], dismissal is appropriate."  *Werbel ex rel. v. Pepsico, Inc.*, No. C

20   09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010).  Here, both Plaintiffs' claims

21   of deception are implausible.

22   Here, there was no misrepresentation; in addition, Apple's express disclosures negate any

23   attempt to allege reasonable reliance as a matter of law.  Plaintiffs assert that they were deceived

24   about the screen size of the iPhone X when they read and relied on the iPhones' technical

25   specifications.[5]  (*See* Compl. ¶¶ 29-30.)  But if Plaintiffs read the technical specifications—as

26

27            [5] Plaintiff refers to these as "product specification sheets" but they are properly referred to
     as "technical specifications."  (*See* Cheung Decl. Exs. A-C.)

28

they admit they did—they cannot selectively ignore the clear disclosure regarding the screen size, which was set apart and emphasized in italics:



(Cheung Decl. Ex. A.)  Apple also provides this same disclosure in several other places, including in the technical specifications for the iPhone XS and iPhone XS Max.  (*Id.* Exs. B and C.)  Plaintiffs cannot deny or dispute the relevant disclosure:  they include the same screenshot, *with* the disclosure, in their own Complaint.  (Compl. ¶ 38.)  Indeed, the existence of the phones' rounded corners and notch were readily apparent to anyone who, like Plaintiffs, saw the phones.

As a matter of law, Apple's express disclosure precludes any claim of reasonable reliance or causation.  *Tomek v. Apple*, No. 2:11-cv-02700-MCE-DAD, 2012 WL 2857035, at *4 (E.D. Cal. July 11, 2012) (citing *Maloney v. Verizon Internet Servs., Inc.*, 413 F. App'x 997, 999-1000 (9th Cir. 2011) (finding plaintiff failed to allege reliance on any battery-related misrepresentations where defendant expressly disclosed variations in battery life and charge cycles); *Marolda v.*

1    *Symantec Corp.*, 672 F. Supp. 2d 992, 1002-04 (N.D. Cal. 2009).

2         Indeed, Plaintiffs' admission that they saw the online technical specifications also negates

3    their allegations that they reasonably relied on the "false representations on the iPhones as they

4    appeared in stores." (Compl. ¶¶ 8, 29-30.)  The online disclosure informed Plaintiffs about the

5    screen size of the iPhone and accordingly, bars any purported reliance on the in-store materials

6    they may have seen.  Even setting aside Plaintiffs' knowledge of the disclosure, their claims of

7    reliance on in-store materials fail.  Mr. Sponchiado, for example, claims that he relied on a

8    product comparison available on the phones sold in stores.  (*Id.* ¶ 8.)  This product comparison

9    screen, which Plaintiffs cite in the Complaint, includes an asterisk after the OLED display size

10   measurement.  (*Id.*)  Plaintiffs' image selectively omits, however, the asterisked statement itself,

11   which would be the *same* disclosure that appears in other materials regarding the display, and

12   which bars any claim of reliance.  (Cheung Decl. Exs. A-C.)  Moreover, Plaintiffs cannot dispute

13   that phones were displayed in the stores where the notch and corners were plainly visible.

14   Accordingly, if, as Plaintiffs allege, they viewed the iPhones in a store prior to purchase, they

15   cannot reasonably assert that they were unaware of the phones' notch or rounded corners.  (*See*

16   Compl. ¶¶ 8, 29.)

17                    **3.    Plaintiffs' "False Pixel" Allegations Fail to State Either An
                             Express Misrepresentation or an Omissions Claims.**
18

19        Plaintiffs cannot state an express "false pixel" misrepresentation claim because Apple

20   does not make any affirmative representation about the amount of subpixels that make up the

21   screen.  And while Apple does accurately represent the number of pixels in the length and in the

22   width of the phone, Plaintiffs base their allegations on a calculated "total" pixel number that

23   Apple never represents.  Rather, Plaintiffs at best seek to repackage their "false pixel"

24   misrepresentation claim as an omissions claim by arguing that the pixels in the iPhone X models

25   contain a different subpixel structure than phones with pre-OLED screens.  (*See* Compl. ¶¶ 39,

26   46.)  But Plaintiffs' cobbled-together omissions claim fails for multiple reasons.

27        First, Plaintiffs do not allege that they had *any* understanding or expectation about the

28   standard method for counting pixels in the new iPhone "diamond grid" display that was contrary

1    to the actual method used to count pixels.  This is fatal to any potential omissions claim, which

2    requires a showing that a reasonable consumer would be misled by the alleged omission.  *In re*

3    *iPhone 4s Consumer Litig.*, 637 F. App'x 414, 416 (9th Cir. 2016) (upholding dismissal because

4    court "could not determine if a reasonable consumer would be misled" by representations

5    concerning iOS.")  Notably absent from Plaintiffs' lengthy exposition of subpixel structure is any

6    discussion about the usual method for counting pixels arranged in a "diamond grid" in an OLED

7    display.  Indeed, the method for counting subpixels in the "diamond" structure of the iPhone X

8    OLED display is standard.[6]  Accordingly, Plaintiffs have failed to meet their burden to show that

9    a reasonable consumer would be misled by any omission about the design of the subpixels.

10   *Rasmussen v. Apple, Inc.*, 27 F. Supp. 3d 1027, 1032 (N.D. Cal. 2014) (requiring a showing "that

11   members of the public are likely to be deceived"); *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th

12   870, 878 (2017); *see Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 977-78 (C.D. Cal. 2013)

13   (no allegation reasonable customer would have been deceived "All Natural" label without "an

14   objective or plausible definition" of that statement).

15            Further, Plaintiffs fail to meet the other requirements for an omissions claim.  As one

16   court has explained, it is not enough to "allege that information about [the alleged issue], had it

17   been disclosed, would have been material to" Plaintiffs' purchase and use of their phones.  *Hall v.*

18   *Sea World Entm't, Inc.*, No. 15-660, 2015 WL 9659911, at *7 (S.D. Cal. Dec. 23, 2015).  Rather,

19   under *Wilson*, "[a] manufacturer's duty to consumers is limited to its warranty obligations absent

20   either an affirmative misrepresentation or a safety issue."  *Wilson v. Hewlett-Packard Co.*, 668

21   F.3d 1136, 1141 (9th Cir. 2012).  But Plaintiffs do not—and cannot—allege that the pixel count is

22   a "safety" issue, much less an "unreasonable safety hazard," nor, as discussed above, do Plaintiffs

23   allege an express misrepresentation.  In *Hodsdon v. Mars, Inc.*, the Ninth Circuit suggested, but

24   did not decide, that manufacturers may also "have a duty to disclose a defect when it affects the

25   _____

26            [6] Plaintiffs' attempt to side-step this issue by pointing to the Apple Watch's different
     subpixel structure falls flat.  A watch is not a phone, and Plaintiffs offer no explanation as to why
27   the screens in two different products would be the same or why the method for counting pixels
     would be the same if the underlying layout of the subpixels is entirely different.  (*See* Compl. ¶ 64
28   n.11.)

1   central functionality of a product."  891 F.3d 857, 863 (9th Cir. 2018).  But, even if that were the

2   law, Plaintiffs do not allege facts that come close to meeting this test.  Plaintiffs offer a vague

3   allegation that the "false pixels" somehow  result in  diminished display quality, but never claim

4   that they themselves perceived any display quality issue.  Even if they attempted to do so, they

5   could not possibly allege that it impaired the "central functionality" of their phones.  Plaintiffs do

6   not and cannot suggest that they were unable to read or use their displays or that their ability to do

7   so was significantly impaired.  Plaintiffs wholly fail to cross the threshold for pleading an

8   omissions claim.

9        Moreover, even if they were able to cross that initial threshold, Plaintiffs do not plead the

10  facts necessary to establish a duty to disclose.  To do so, they must plead one of the following: a

11  fiduciary relationship (which does not exist here), partial misleading representations, active

12  concealment, or exclusive knowledge.  *Hodsdon*, 891 F.3d at 862.  Plaintiffs plead none of these

13  theories.

14       ***No Partial Misrepresentations.***  Plaintiffs do not point to any alleged partial

15  representation regarding the number of subpixels in the iPhone X models' displays. Accordingly,

16  Plaintiffs cannot base the duty to disclose on any alleged partial misrepresentation.

17       ***No Active Concealment.***  Plaintiffs also do not and cannot allege any specific, affirmative

18  acts by Apple to hide or conceal the "false pixels."  *Herron v. Best Buy Co*., 924 F. Supp. 2d

19  1161, 1176 (E.D. Cal. Feb. 13, 2013).  Far from concealing its OLED technology, Apple

20  highlighted the unique technology when it first introduced the iPhone X in September 2017.

21  (Apple keynote, September 12, 2017.)  Moreover, numerous articles online explain the advanced,

22  more efficient pixel structure contained in the iPhone X OLED screen.  (*See*

23  www.idownloadblog.com/2017/11/02/iphone-x-oled-pixel-layout/ (last visited March 22, 2019;

24  www.displaymate.com/iPhoneX_ShootOut_1a.htm (last visited March 22, 2019).)[7]  This defeats

25  their omission claim.  *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 WL 2969467, at *4

26

27       [7] Apple cites these third-party sources to illustrate the public discussions about the
     subpixel structure of the relevant devices, but did not verify every statement of these publications.

28

(N.D. Cal. Sept. 14, 2009) (dismissing omission where complaint disclosed that allegedly omitted memory deficiencies had previously been the subject of an article in *Computer World* prior to purchase).

*No "Exclusive" Knowledge.*  Moreover, these online articles show that the public was well aware of the iPhone X's OLED technology and the screen's pixel design, refuting any argument that Apple had "exclusive knowledge" of the pixel structure.  *See Wolph*, 2009 WL 2969467, at *4.  Plaintiffs' conclusory assertion that Apple "knew or should have known" that the iPhones did not provide the number subpixels consumers expected is directly contradicted by the widespread public discussion showing not only an awareness of the phones' actual OLED pixel structure, but a positive reception of the screen quality.  *See Rich v. Sunbeam Prods., Inc.*, No. CV 12-7923-CAS-(AJw)x, 2013 WL 146270, at *7 (C.D. Cal. Jan. 7, 2013) ("[A]llegations of knowledge [that] are boilerplate and unsubstantiated by factual detail" are insufficient under Rule 9(b).)

### D.     Plaintiffs' Claim for Unjust Enrichment Fails.

Because there is no standalone cause of action in California for unjust enrichment, Plaintiffs' claim must be dismissed.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  Even if the Court finds that Plaintiffs have adequately pled any of their causes of action, the unjust enrichment claim still fails because it "applies only in the absence of an adequate remedy at law."  *Overton v. Bird Brain, Inc.*, No. SACV 11-1054 DOC (ANx), 2012 WL 909295, at *7 (C.D. Cal. Mar. 15, 2012).

### E.     Plaintiffs' New York General Business Law Claims Fails.

Plaintiffs' New York General Business Law §§ 349 and 350 claims fail for the same reasons as their fraud-based claims under California law.  Plaintiffs do not fail to allege "deception" as required by these statutes for all the same reasons, discussed above, that they fail to allege facts showing either an affirmative misrepresentation or omission.  Similarly, Plaintiffs fail to demonstrate the requisite causation or injury.

First, to be deceptive, an act must be likely to mislead a reasonable consumer acting reasonably under the circumstances.  *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).

1    But as discussed above, Plaintiffs admit that they saw the online technical specifications, which

2    include Apple's screen size disclosure.  (*See* Section C.2., *supra*).  This precludes any claim of

3    deception.  *Zuckerman v. BMG Direct Mktg., Inc*., 290 A.D.2d 330, 737 N.Y.S.2d 14 (1st Dep't

4    2002) (holding shipping and handling fees not deceptive where amounts disclosed); *Sands v.*

5    *Ticketmaster-New York, Inc.*, 207 A.D.2d 687, 616 N.Y.S.2d 362 (1st Dep't 1994) (same

6    regarding disclosed ticket service fees).

7            Second, Plaintiffs do not allege facts that establish that Apple's purported

8    misrepresentations was the cause of any alleged injury to them, as required for their claims.  *See*

9    *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013) (for

10   claims under GBL § 349 "'[t]he causation element is essential: The plaintiff must show that the

11   defendant's material deceptive act caused the injury'"); *see also Goshen v. Mutual Life Ins. Co. of*

12   *N.Y.*, 98 N.Y.2d 314, 324, n.1 (2002) (identical standard for GBL § 350 claims).  While reliance

13   need not be pled, Plaintiffs must specifically show how the disclosures were misleading, or false,

14   and that they were injured as a result of the allegedly false disclosures." *Id*.; *see*

15   *also Spagnola*, 574 F.3d at 74; *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357,

16   361 (E.D.N.Y.2014) (plaintiffs must "describe[ ] in detail the allegedly misleading and deceptive

17   statements").  But, as discussed above, Plaintiffs wholly fail to allege facts establishing either

18   affirmative misrepresentations or omissions.  Moreover, Apple's express disclosure necessarily

19   breaks any causal link between the statements alleged and any injury to Plaintiffs.  Their GBL

20   claims accordingly fail.  *See Abraham*, 947 F. Supp. 2d at 235 (dismissing GBL § 349 claim for

21   failure to plead causation given that plaintiffs made "only general allegations" about the

22   purportedly misleading disclosures); *Gale v. IBM Corp.*, 9 A.D. 3d 446, 447 (2d Dep't 2004)

23   (dismissing GBL § 349 claim for failing to plead causation and noting that "[i]f the plaintiff did

24   not see any of these statements, they could not have been the cause of his injury, there being no

25   connection between the deceptive act and the plaintiffs' injury").

26                  **F.    Plaintiffs Lack Standing to Seek Injunctive Relief.**

27          Plaintiffs lack Article III standing to seek injunctive because they have not sufficiently

28   alleged that they will purchase the phones again.  Injunctive relief requires plaintiffs to plead a

1    "threat of injury [that is] 'actual and imminent, not conjectural or hypothetical." *Davidson v.*

2    *Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*,

3    555 U.S. 488, 493 (2009)).  In an alleged false advertising case like this one, plaintiffs have

4    standing if they allege that they "will be unable to rely on the product's advertising or labeling in

5    the future, and so will not purchase the product although she would like to." *Davidson*, 889 F.3d

6    at 969-70.  "A 'some day' intention[ ] – without any description of concrete plans, or indeed even

7    any specification of *when* the some day will be – do[es] not support a finding of the 'actual or

8    imminent' injury" that Article III requires.'" *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x

9    590, 591 (9th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992)).

10       Plaintiffs here fail to meet this standard.  Ms. Davis never alleges any intent to purchase

11   the product again in the future.  (*See* Compl. ¶ 30.)  Accordingly, she cannot establish any

12   likelihood of future injury.  *Lanovaz*, 726 F. App'x at 591.  And while Mr. Sponchiado claims

13   that he "intends to purchase [Apple's] phone products in the future" and is "concerned that

14   [Apple's] deception will lead him to pay an inflated price for them," he does not describe any

15   concrete plans or identify which iPhone he plans to purchase in the future.  (Compl. ¶ 29.)

16   Moreover, Plaintiffs also lack standing because they now know the screen size and subpixel

17   design of the challenged phones and can no longer be deceived by any representations regarding

18   those elements of the phones.  *See, e.g.*, *Fernandez v. Atkins Nutritionals, Inc.*, No. 3:17-cv-1628-

19   GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018) (dismissing injunctive relief on

20   standing grounds because plaintiff knew how the allegedly deceptive "net carbs" calculation was

21   made).

22       **VI.    CONCLUSION**

23       For the reasons set forth herein, Apple respectfully requests that the Court dismiss

24   Plaintiffs' Complaint in its entirety.

25

26

27

28

1    Dated: March 22, 2019                    MORRISON & FOERSTER LLP

2

3                                             By:    */s/ Tiffany Cheung*
                                                     TIFFANY CHEUNG
4
                                             Attorneys for Defendant
5                                            APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28