1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  SABRINA LARSON (CA SBN 291661)
   SLarson@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105
   Telephone:    (415) 268-7000
5  Facsimile:    (415) 268-7522

6  Attorneys for Defendant
   APPLE INC.
7

C.K. Lee, *Admitted Pro Hac Vice*
Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
Email: cklee@leelitigation.com

David A. Makman, Esq. (SBN: 178195)
Law Offices of David Makman
483 Seaport Court, Suite 103
Redwood City, CA 94063
Tel: 650-242-1560
Fax: 650-242-1547
Email: david@makmanlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHRISTIAN SPONCHIADO and
COURTNEY DAVIS, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

        v.

APPLE INC.,

                    Defendant.

Case No.    4:18-cv-07533-HSG

**STIPULATED PROTECTIVE
ORDER REGARDING THE
DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

Judge:    Hon. Haywood S. Gilliam, Jr.
FAC Filed:    April 24, 2019

STIPULATED PROTECTIVE ORDER
CASE No. 4:18-cv-07533-HSG
sf-4192263

Plaintiffs Christian Sponchiado and Courtney Davis ("Plaintiffs") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.   **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.   **DEFINITIONS**

(a)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including,

among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)       Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)       Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)       This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.      **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)       <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)       <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case

based in whole or in part upon Protected Materials, provided counsel does not disclose the

Protected Material itself except as provided in this Order.

(c)     <u>Secure Storage, No Export</u>. Protected Material must be stored and

maintained by a Receiving Party at a location in the United States and in a secure manner that

ensures that access is limited to the persons authorized under this Order.  To ensure compliance

with applicable United States Export Administration Regulations, Protected Material may not be

exported outside the United States or released to any foreign national (even if within the United

States).

(d)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing

Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any

way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become

publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known

to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed

and/or provided by the Producing Party to the Receiving Party or a non-party without an

obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the

Producing Party; or (v) pursuant to order of the Court.

7.     **DESIGNATING PROTECTED MATERIAL**

(a)     <u>Available Designations</u>.  Any Producing Party may designate Discovery

Material it produces as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES

ONLY," provided that it meets the requirements for such designations as provided for herein.

(b)     <u>Written Discovery and Documents and Tangible Things</u>.  Written

discovery, documents (which include "electronically stored information," as that phrase is used in

Federal Rule of Procedure 34), and tangible things that meet the requirements for the

confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.

(c)     <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

(d)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until 30 days after receipt of the transcript of the testimony.    Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of

the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(e)     Upward Designation of Information or Items Produced by Other Parties or Non-Parties. A Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or change any Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be redesignated within thirty (30) days of the Designating Party's receipt of the production by the Producing Party. Failure to upward designate within thirty (30) days of the Designating Party's receipt of the production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

1

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

2

(a)      A Producing Party may designate Discovery Material as

3

"CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially

4

sensitive information.

5

6

(b)      Unless otherwise ordered by the Court, Discovery Material designated as

7

"CONFIDENTIAL" may be disclosed only to the following:

8

(i)      The Receiving Party's Outside Counsel, such counsel's immediate

9

paralegals and staff, and any copying or clerical litigation support services working at the

10

direction of such counsel, paralegals, and staff;

11

(ii)      Not more than three (3) representatives of the Receiving Party who

12

are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel

13

for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is

14

reasonably necessary for this case, provided that:  each such person has agreed to be bound by

15

16

the provisions of the Protective Order by signing a copy of Exhibit A;

17

(iii)      Any outside expert or consultant retained by the Receiving Party who

18

assist in this action, provided that disclosure is only to the extent necessary to perform such

19

work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions

20

of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

21

current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at

22

the time of retention to become an officer, director or employee of a Party or of a competitor of a

23

Party; (c) such expert or consultant accesses the materials in the United States only, and does not

24

transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections

25

to such disclosure exist after proper notice has been given as set forth in Paragraph 10 below;

26

27

28

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)      The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party.

9.      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product

development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     With respect to Discovery Material produced by the Plaintiff, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no

unresolved objections to such disclosure exist after proper notice has been given  as set forth in Paragraph 10 below;

      (iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

      (v)    The Court, jury, and court personnel;

      (vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

      (vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

      (viii)    Any other person with the prior written consent of the Producing Party.

      (c)    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      10.    **NOTICE OF DISCLOSURE:**

      (a)    Prior to Plaintiffs disclosing any Apple Protected Material to any outside expert or consultant described in Paragraphs 8(b)(iii) or 9(b)(iii), (referenced below as "Person"), Plaintiffs shall provide Apple with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting

relationships, including direct relationships and relationships through entities owned

or controlled by the Person, including but not limited to an identification of any

individual or entity with or for whom the person is employed or to whom the person

provides consulting services relating to the design, development, operation, or

patenting of smartphones or smartphone technology, or relating to the acquisition of

intellectual property assets relating to smartphones or smartphone technology;

(v) an identification of all pending patent applications on which the Person is named as an

inventor, in which the Person has any ownership interest, or as to which the Person

has had or anticipates in the future any involvement in advising on, consulting on,

preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope

of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last

five (5) years.

Further, Plaintiffs shall provide such other information regarding the Person's professional

activities reasonably requested by Apple for it to evaluate whether good cause exists to object to

the disclosure of Protected Material to the outside expert or consultant.  During the pendency of

and for a period of two (2) years after the final resolution of this action, including all appeals,

Plaintiffs shall immediately provide written notice of any change with respect to the Person's

involvement in the design, development, operation or patenting of smartphones or smartphone

technology, or the acquisition of intellectual property assets relating to smartphones or smartphone technology.

(b)     Within fourteen (14) days of receipt of the disclosure of the Person, Apple may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If Apple objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, Apple will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude Apple from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, Apple will have seven (7) days from the date of the meet and confer to seek

relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or Apple withdraws its objection.  Notwithstanding the foregoing, if Apple fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

11.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any

presumption that a particular designation is valid, or alter the burden of proof that would

otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

12.     **SUBPOENAS OR COURT ORDERS**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

13.     **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     A party that seeks to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order must comply with Civil Local Rule 79-5.

14.     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection,

despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)      Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)      Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

15.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)      The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)      A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

16.      **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)      In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

17.      **FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or securely destroy or delete such Material, at the option of the Producing

Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

18.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)      Testifying and consulting experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the expert and/or his or her staff are also exempt from discovery.

(b)      Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c) No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 18 (a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

19.    **MISCELLANEOUS**

(a)    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

1

2

3

4

5

6

   (e) <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

7

8

9

10

11

12

13

   (f) <u>Modification by Court.</u>  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

14

15

16

17

18

19

20

21

22

   (g) <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions, including the requirements for and scope of expert discovery, in accordance with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, and the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

23

24

25

26

27

28

1

2    Dated: May 4, 2020

3

4

5

6

7

8    Dated: May 4, 2020

9

10

11

12

13

14

15

16

17

18

19

20    PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22    Dated:        5/6/2020

23

24

25

26

27

28

TIFFANY CHEUNG
MORRISON & FOERSTER LLP


By:    /s/ Tiffany Cheung
           TIFFANY CHEUNG

Attorneys for Defendant
APPLE INC.


C.K. LEE
LEE LITIGATION GROUP, PLLC

DAVID ALAN MAKMAN
THE LAW OFFICES OF DAVID A.
MAKMAN


By:    /s/ C.K. Lee
           C.K. LEE

Attorneys for Plaintiffs CHRISTIAN
SPONCHIADO AND COURTNEY
DAVIS


[PROPOSED] ORDER


Honorable Haywood S. Gilliam, Jr.
United States District Court

1

## EXHIBIT A

2

3

## GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

4

5

I, _____ [print or type full name], of

6

_____ [print or type full address], acknowledge

7

and declare that I have read in its entirety and understand the Stipulated Protective Order

8

("Order") in *Christian Sponchiado and Courtney Davis v. Apple Inc.*, United States District

9

Court for the Northern District of California, Civil Action No. 4:18-cv-07533-HSG.

10

11

Having read the and understood the terms of the Order, I agree to comply with and be

12

bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose

13

of any proceeding to enforce the terms of the Order.  I understand and acknowledge that

14

failure to so comply could expose me to sanctions and punishment in the nature of contempt.

15

I solemnly promise that I will not disclose in any manner any information or item that is

16

subject to the Order to any person or entity except in strict compliance with the provisions of

17

the Order.

18

19

I will access and review Protected Material that may be provided to me solely for the

20

purpose of my role in assisting with prosecuting, defending, or attempting to settle this

21

litigation or to comply with judicial process or any applicable statute or regulation and for no

22

other purpose whatsoever.  I further agree not to disclose any Protected Material except as

23

allowed by the terms of the Order.  I will only make such copies of or notes concerning the

24

Protected Material as are necessary to assist with prosecuting, defending, or attempting to

25

settle this litigation or to comply with judicial process or any applicable statute or regulation

26

in connection with this action.  Upon final determination of this action, I shall promptly and

27

securely destroy or delete all Protected Material provided to me as well as any hard and

28

electronic copies, abstracts, derivations, compilations, summaries, and any other format

reproducing or capturing any of the Protected Material.  I understand that my obligations

pertaining to the Protected Material continue even after the conclusion of the action.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of the Order, even if

such enforcement proceedings occur after termination of this action.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]